UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 6:10-CR-161-Orl-22GJK

MICHAEL FRANK BURGESS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert O'Neill, United States Attorney for the Middle District of Florida, and the defendant, MICHAEL FRANK BURGESS, and the attorney for the defendant, Rhonda Henderson, Esq., mutually agree as follows:

A.    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Superseding Information. Count One charges the defendant with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371. Count Two charges the defendant with Money Laundering, in violation of 18 U.S.C. § 1957.

2.    Maximum Penalties

Count One carries a maximum sentence of five years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

Defendant's Initials _____                    AF Approval _____

Count Two carries a maximum sentence of ten years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100, said special assessment to be due on the date of sentencing.   The fine for Counts One and Two may be subject to the alternative sentencing provisions of Title 18, United States Code, Section 3571(d), which would be not more than twice the amount of the gross gain or loss.   With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.     Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One (Conspiracy; 18 U.S.C. § 371) are:

| First: | That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; |
|---|---|
| Second: | That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; |
| Third: | That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and |
| Fourth: | That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy. |

Defendant's Initials _____          2

The elements of Count Two (Money Laundering; 18 U.S.C. § 1957) are:

First:       the Defendant knowingly engaged or attempted to engage in a monetary transaction;

Second:   the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

Third:      the property had a value of more than $10,000;

Fourth:    the property was in fact proceeds of wire fraud; and

Fifth:       the transaction took place in the United States and outside the United States, but the Defendant was a United States person as defined by 18 U.S.C. § 3077 (excluding section (2)(D))].

4.     Second Superseding Indictment Dismissed

At the time of sentencing, the Second Superseding Indictment against the defendant will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.     No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Additionally, ff the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant's girlfriend, N. D., with committing any federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _____          3

6.   <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663(a) and (b), defendant agrees to make full restitution to: Edmund J. Socha / Socha International Holdings; Bob Almond / Plymouth Rock Studios; Dr. Roberto Fojo / Enterprise Investment Group; Brian Kennedy / Roebuck International; John Niemi / AZZCO-Mesatex; James O'Brien, Witsop Development Group; and Iouri Stepanov / Greta, Inc.

7.   <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____          4

9.    Upward Departure

The United States will not oppose the defendant's request to the Court that in sentencing the defendant the Court not depart upward from the applicable sentencing guideline range.

10.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to

Defendant's Initials _____            5

Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      11.    Use of Information - Section 1B1.8

      Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

      12.    Cooperation - Responsibilities of Parties

      a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full,

Defendant's Initials _____      6

complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

Defendant's Initials _____          7

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following:

a.      Contents of Credit Suisse Bank Account #xxxx-xxxxx69-12 held  in the name of Innovatis Asset Management S.A.;

Defendant's Initials _____            8

    b.    Any ownership interest in Gold Bar Investments, LLC, including any loans receivable;

    c.    Any ownership interest in Entertainment Capital Group, LLC including any loans receivable;

    d.    a Black 2007 Mercedes Benz S550 #VIN: WDDNG71X07A119702;

    e.    a Black 2007 Cadillac Escalade, VIN #1GYFK66887R337102; and

    f.    A forfeiture money judgment of $15 million, representing the amount of proceeds obtained as a result of the conspiracy charged in Count One.

Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. 18 U.S.C. § 981(a)(1)(C). A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes as an offense any act which is indictable under 18 U.S.C. § 1343.   The defendant admits that at least $6.8 million in wire fraud proceeds were deposited into the Credit Suisse Bank Account #xxxx-xxxxx69-12 held in the name of Innovatis Asset Management S.A. in furtherance of the wire fraud conspiracy. The defendant admits that Innovatis Asset Management S.A. is not a bona fide purchaser for value of the at least $6.8 million in wire fraud proceeds that were deposited into the Credit Suisse Bank Account #xxxx-xxxxx69-12 because it gave no consideration for any legal interest it may have in those funds.

The defendant further admits that he used proceeds traceable to the wire fraud conspiracy to make the down payments used to purchase the Black 2007 Mercedes Benz S550 and Black 2007 Cadillac Escalade.  The defendant further used

Defendant's Initials _____                    9

traceable to the wire fraud conspiracy to make the monthly payments associated with the two vehicles.  Similarly, the defendant admits that all funds provided to either Gold Bar Investments, LLC or Entertainment Capital Group, LLC were proceeds obtained from the wire fraud conspiracy and any monies owed to him from his interest in either Gold Bar Investments, LLC or Entertainment Capital Group, LLC are proceeds traceable to the wire fraud conspiracy.  Thus, the above-referenced assets are subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provides for the criminal forfeiture of any property subject to civil forfeiture.

In addition, the defendant shall be subject to a forfeiture money judgment of $15 million, which sum represents the amount of proceeds obtained as a result of the conspiracy described in Count One of the Information.  The net proceeds from the forfeiture of the assets enumerated above in subparagraphs (a) through (e) shall be credited towards the satisfaction of the money judgment.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial, or administrative forfeiture action.  The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has established the

Defendant's Initials _____        10

requisite nexus between the property subject to forfeiture and the offenses to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.  Furthermore, pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has established that the amount of the proceeds of Count One of the Information is $15 million and enter an order of forfeiture.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant's of $15 million in order to satisfy the money judgment.  This Court shall retain jurisdiction to settle any disputes arising from application of this clause.

The defendant further agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value;

Defendant's Initials _____                    11

or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.**     **Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____/MJ/_____          12

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

Defendant's Initials _____                13

4.     Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.     Defendant's Waiver of Right to Appeal and
       Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence

Defendant's Initials _____          14

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature

Defendant's Initials _____          15

of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

     9.    <u>Factual Basis</u>

       Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

Defendant's Initials _____.          16

## FACTS

Prosperity International LLC (Prosperity) was a Florida Limited Liability Company with its principal location listed as 8449 Sand Lake Shores Court, Orlando, Florida 32836. Defendant **MICHAEL FRANK BURGESS** was listed as a manager. Prosperity maintained a web-site at www.prosperity-international.com.

Innovatis, Inc. (Innovatis) was a Florida Corporation with its principal address listed as 7380 Sand Lake Road, Suite 500, Orlando, Florida 32819. Defendant **MICHAEL FRANK BURGESS** was listed as Secretary. Innovatis maintained a web-site at www.innovatis-organization.com.

From in or about March 2007 and continuing thereafter through on or about May 21, 2010, in Orange County, Florida, and elsewhere, defendant **MICHAEL FRANK BURGESS** conspired with his co-conspirators to commit Wire Fraud, in violation of Title 18, United States Code, Section 1343. The substance of the conspiracy was that defendant **MICHAEL FRANK BURGESS**:

a.      established entities which were used to solicit clients allegedly to assist them in obtaining financing for large scale projects.

b.      established a web-site that contained false claims of large projects in which Prosperity assisted businesses in obtaining funding for large scale real estate projects.

c.      claimed to clients that he was able to obtain funding from a major international bank for large scale projects.

Defendant's Initials _____      17

d.     had clients wire transfer funds to bank accounts which he and his co-conspirators controlled.

e.     falsely stated to clients that at least a large portion of the money paid by the client would be held in an escrow account.

f.     claimed that a letter of credit or bank guarantee would be delivered to the client within approximately fourteen days of receiving funds from the client.

g.     paid "commissions" to Prosperity brokers.

h.     required clients to sign a contract which included as one of its provisions that the agreement was confidential and that the client was not allowed to contact or have any communication with banks, bank officers, law firms, and/or brokerage firms that were to be involved in the agreed upon financing.

i.     did not obtain any loans for clients.

j.     did not generally return clients' funds which were to have been held in escrow.

k.     sent e-mails to clients in which the e-mails falsely claimed that payments to the clients were delayed due to problems not attributable to defendant **MICHAEL FRANK BURGESS**.

l.     performed acts and made statements to hide and conceal the purpose of the conspiracy and the acts committed in furtherance thereof.

To effectuate the conspiracy, on or about the following dates, in Orange County, Florida, and elsewhere, defendant **MICHAEL FRANK BURGESS** sent to the victims or

Defendant's Initials _____     18

l.      performed acts and made statements to hide and conceal the purpose of the conspiracy and the acts committed in furtherance thereof.

To effectuate the conspiracy, on or about the following dates, in Orange County, Florida, and elsewhere, defendant **MICHAEL FRANK BURGESS** sent to the victims or their representatives the following e-mails and received from the victims or their representatives the following wire transfers:

| Date | Description |
|---|---|
| 03/8/2007 | Wire Transfer of $620,000.00 from victim E.J.S. to Total Bank Acct. No. xxxxx3106 |
| 7/21/2008 | E-mail dated July 21, 2008 from Michael F. Burgess to victim E.J.S. |
| 7/23/2008 | E-mail dated July 23, 2008 from Michael F. Burgess to victim E.J.S. |
| 8/2/2008 | E-mail dated August 2, 2008 from Michael F. Burgess to victim E.J.S. |
| 8/28/2008 | E-mail dated August 28, 2008 from Michael F. Burgess to victim E.J.S. |
| 9/16/2008 | E-mail dated September 16, 2008 from Michael F. Burgess to victim E.J.S. |
| 12/15/2008 | E-mail dated December 15, 2008 from Michael F. Burgess to victim E.J.S. |
| 1/21/2009 | E-mail dated January 21, 2009 from Michael F. Burgess to victim E.J.S. |
| 2/2/2009 | E-mail dated February 2, 2009 from Michael F. Burgess to victim E.J.S. |
| 2/9/2009 | E-mail dated February 9, 2009 from Michael F. Burgess to victim E.J.S. |
| 2/18/2009 | E-mail dated February 18, 2009 from Michael F. Burgess to victim E.J.S. |
| 2/25/2009 | E-mail dated February 25, 2009 from Michael F. Burgess to victim E.J.S. |
| 3/4/2009 | E-mail dated March 4, 2009 from Michael F. Burgess to victim E.J.S. |
| 4/7/2009 | E-mail dated April 7, 2009 from Michael F. Burgess to victim E.J.S. |
| 4/10/2009 | E-mail dated April 10, 2009 from Michael F. Burgess to victim E.J.S. |

Defendant's Initials  19

| Date | Description |
|---|---|
| 4/21/2009 | E-mail dated April 21, 2009 from Michael F. Burgess to victim E.J.S. |
| 4/29/2009 | E-mail dated April 29, 2009 from Michael F. Burgess to victim E.J.S. |
| 5/29/2009 | E-mail dated May 29, 2009 from Michael F. Burgess to victim E.J.S. |
| 6/3/2009 | E-mail dated June 3, 2009 from Michael F. Burgess to victim E.J.S. |
| 6/12/2009 | E-mail dated June 12, 2009 from Michael F. Burgess to victim E.J.S. |
| 6/15/2009 | E-mail dated June 15, 2009 from Michael F. Burgess to victim E.J.S. |
| 6/22/2009 | E-mail dated June 22, 2009 from Michael F. Burgess to victim E.J.S. |
| 6/26/2009 | E-mail dated June 26, 2009 from Michael F. Burgess to victim E.J.S. |
| 7/31/2009 | E-mail dated July 31, 2009 from Michael F. Burgess to victim E.J.S. |
| 8/11/2009 | E-mail dated August 11, 2009 from Michael F. Burgess to victim E.J.S. |
| 8/24/2009 | E-mail dated August 24, 2009 from Michael F. Burgess to victim E.J.S. |
| 8/25/2009 | E-mail dated August 25, 2009 from Michael F. Burgess to victim E.J.S. |
| 8/26/2009 | E-mail dated August 26, 2009 from Michael F. Burgess to victim E.J.S. |
| 8/27/2009 | E-mail dated August 27, 2009 from Michael F. Burgess to victim E.J.S. |
| 9/3/2009 | E-mail dated September 3, 2009 from Michael F. Burgess to victim E.J.S. |
| 9/9/2009 | E-mail dated September 9, 2009 from Michael F. Burgess to victim E.J.S. |
| 12/11/2009 | E-mail dated December 11, 2009 from Michael F. Burgess to victim E.J.S. |
| 5/21/2010 | E-mail dated May 10, 2010 from Michael F. Burgess to victim E.J.S. |
| 9/24/2009 | Wire Transfer of $3,500,000.00 from victim P.R.S. to Credit Suisse Acct No. 0835-1128069-12 |
| 9/11/2009 | E-mail dated September 11, 2009 from Michael F. Burgess to victim B.A. |
| 10/19/2009 | E-mail dated October 19, 2009 from Michael F. Burgess to victim B.A. |
| 10/22/2009 | E-mail dated October 22, 2009 from Michael F. Burgess to victim B.A. |

Defendant's Initials _____                    20

| Date | Description |
|------|-------------|
| 10/24/2009 | E-mail dated October 22, 2009 from Michael F. Burgess to victim B.A. |
| 10/30/2009 | E-Mail dated October 30, 2009 from Michael F. Burgess to victim B.A. |
| 11/9/2009 | E-mail dated November 8, 2009 from Michael F. Burgess to victim B.A. |
| 11/19/2009 | E-mail dated November 19, 2009 from Michael F. Burgess to victim B.A. |
| 12/14/2009 | E-mail dated December 14, 2009 from Michael F. Burgess to victim B.A. |
| 6/20/2007 | Wire Transfer of $250,000.00 from Victim R.F. to Total Bank Acct. No. xxxxx3106 |
| 7/13/2007 | Wire Transfer of $650,000.00 from Victim R.F. to Total Bank Acct. No. xxxxx3106 |
| 6/6/2008 | E-mail dated June 6, 2008 from Michael F. Burgess to victim R.F. |
| 6/20/2008 | E-mail dated June 20, 2008 from Michael F. Burgess to victim R.F. |
| 8/2/2008 | E-mail dated August 2, 2008 from Michael F. Burgess to victim R.F. |
| 9/16/2008 | E-mail dated September 16, 2008 from Michael F. Burgess to victim R.F. |
| 11/25/2008 | E-mail dated November 25, 2008 from Michael F. Burgess to victim R.F. |
| 1/21/2009 | E-mail dated January 21, 2009 from Michael F. Burgess to victim R.F. |
| 2/9/2009 | E-mail dated February 9, 2009 from Michael F. Burgess to victim R.F. |
| 2/25/2009 | E-mail dated February 25, 2009 from Michael F. Burgess to victim R.F. |
| 3/26/2009 | E-mail dated March 26, 2009 from Michael F. Burgess to victim R.F. with attached letter |
| 4/29/2009 | E-mail dated April 29, 2009 from Michael F. Burgess to victim R.F. |
| 6/3/2009 | E-mail dated June 3, 2009 from Michael F. Burgess to victim R.F. |
| 7/31/2009 | E-mail dated July 31, 2009 from Michael F. Burgess to victim R.F. |
| 8/27/2009 | E-mail dated August 27, 2009 from Michael F. Burgess to victim R.F. |
| 1/9/09 | Wire Transfer of $220,000.00 from Victim B.F.K. to JP Morgan Chase Bank, account number xxxxx5475 |
| 5/28/2009 | E-mail dated May 28, 2009 from Michael F. Burgess to B.F.K. |

Defendant's Initials _____          21

| Date | Description |
|------|-------------|
| 5/29/2009 | E-mail dated May 29, 2009 from Michael F. Burgess to victim B.F.K. |
| 1/20/2010 | E-mail dated January 20, 2010 from Michael F. Burgess to S.W.D. |
| 1/27/2010 | E-mail dated January 27, 2010 from Michael F. Burgess copied to S.W.D. |
| 10/5/2009 | Wire Transfer of $180,000 from victim J.D.N. to JPM Chase account, number xxxxx5475 |
| 12/7/09 | Wire Transfer of $750,000 from victim J.D.N. to JPM Chase account, number xxxxxx9953 |
| 12/10/09 | Wire Transfer of $1,250,000 from victim J.D.N. to JPM Chase account, number xxxxxx9953 |
| 11/17/2009 | E-mail dated November 17, 2009 from Michael F. Burgess to S.W.D. |
| 1/20/2010 | E-mail dated January 20, 2010 from Michael F. Burgess to S.W.D. |
| 5/13/2010 | E-mail dated May 13, 2010 from Michael F. Burgess to victim J.D.N. |
| 7/2/2009 | Wire Transfer of $135,000 from victim J.O. to JPM Chase account, number xxxxxx5475 |
| 11/17/2009 | E-mail dated November 17, 2009 from Michael F. Burgess to S.W.D. |
| 11/22/2009 | E-mail dated November 22, 2009 from Michael F. Burgess to S.W.D. |
| 11/55/2009 | E-mail dated November 25, 2009 from Michael F. Burgess to S.W.D. |
| 12/2/2009 | E-mail dated December 2, 2009 from Michael F. Burgess to S.W.D. |
| 12/15/2009 | E-mail dated December 15, 2009 from Michael F. Burgess to S.W.D. |

For Sentencing Guidelines purposes, the defendant admits that total losses to the victims is at least $15,000,000.00.

Additionally, defendant **MICHAEL FRANK BURGESS** admits that he knowingly and willfully engaged and attempted to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, such property having been derived from specified unlawful activities, that is, wire fraud,

Defendant's Initials _____        22

in violation of Title 18, United States Code, Section 1343, in that defendant **MICHAEL F. BURGESS**, in the transaction specified below, did knowingly withdraw, transfer and exchange, and cause the withdrawal, transfer and exchange of a monetary instrument and funds, as described below:

| Originating Account | Date of Transfer | Amount | Transaction |
|---|---|---|---|
| Essex JP Morgan Chase Bank Acct No. xxxxx-5475 | 01/12/2009 | $135,000 | Wire Transfer to Prosperity International JP Morgan Chase Bank Acct No. xxxxxx-995-3 |

Additionally, defendant **MICHAEL F. BURGESS** admits that he knowingly and willfully engaged and attempted to engage in monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, such property having been derived from specified unlawful activities, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, in that defendant **MICHAEL F. BURGESS**, in each transaction specified below, did knowingly withdraw, transfer and exchange, and caused the withdrawal, transfer and exchange of monetary instruments and funds, as described below:

| Originating Account | Date of Transfer | Amount | Transaction |
|---|---|---|---|
| Prosperity International Total Bank Acct. No. xxxxx3106 | 03/09/2007 | $50,000 | Wire Transfer to RBM of Atlanta |
| Prosperity International Total Bank Acct. No. xxxxx3106 | 03/27/2007 | $20,000 | Check No. 1014 payable to Massey Cadillac |
| Prosperity International Total Bank Acct. No. xxxxx3106 | 05/24/2007 | $300,000 | Wire Transfer to Royal Bank of Scotland |

Defendant's Initials    23

| Originating Account | Date of Transfer | Amount | Transaction |
|---|---|---|---|
| Prosperity International Total Bank Acct. No. xxxxx3106 | 07/19/2007 | $550,000 | Wire to McIlhatton & DeBrus (Royal Bank of Scotland) |
| Prosperity International Washington Mutual Bank Acct. No. xxx995-3 | 10/05/2007 | $100,000 | Prosperity International Washington Mutual Bank Acct. No. xxx194-0 |
| Prosperity International Washington Mutual Bank Acct. No. xxx995-3 | 10/07/2007 | $150,000 | Prosperity International Washington Mutual Bank Acct. No. xxx194-0 |
| Prosperity International Total Bank Acct. No. xxxxx3106 | 10/10/2007 | $30,000 | Check No. 1097 payable to Massey Cadillac |
| Prosperity International Bank Acct No. xxxxx-1940 | 6/19/2009 | $100,000 | Wire Transfer to Liszt & Associates, P.A. |
| Essex JP Morgan Chase Bank Acct No. xxxxx-5475 | 07/02/2009 | $54,000 | Wire Transfer to Prosperity International JP Morgan Chase Bank Acct No. xxxxxx-995-3 |
| Prosperity International JP Morgan Chase Bank Acct No. xxxxxx-995-3 | 10/05/2009 | $100,000 | Wire Transfer to Prosperity International Bank Acct No. xxxxx-1940 |
| Essex JP Morgan Chase Bank Acct No. Xxxxx-5475 | 10/06/2009 | $105,000 | Wire Transfer to Prosperity International JP Morgan Chase Bank Acct No. xxxxxx-995-3 |
| Prosperity International JP Morgan Chase Bank Acct No. xxxxxx-995-3 | 10/07/2009 | $150,000 | Wire Transfer to Prosperity International Bank Acct No. xxxxx-1940 |
| Prosperity International Bank Acct No. xxxxx-1940 | 10/07/2009 | $150,000 | Wire Transfer to Liszt & Associates, P.A. Trust Account |
| Innovatis Asset Management S.A. Credit Suisse Bank Acct. | 10/29/2009 | $99,975.18 | Wire Transfer to Liszt & Associates, P.A. Trust Account |

Defendant's Initials ______         24

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _20 th_ day of March, 2011.

_____
MICHAEL BURGESS
Defendant

_____
Rhonda Henderson, Esq.
Attorney for Defendant

ROBERT E. O'NEILL
United States Attorney

By:    _____
Roger B. Handberg
Assistant United States Attorney

_____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____        25